# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| | § | CASE NO. 9:01CR12(1) |
| vs. | § | |
| | § | |
| | § | |
| BRANDON HENDERSON | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant Brandon Henderson's supervised release based on violations of his supervised release conditions. Defendant waived his right to a revocation hearing and pleaded "true" to Allegation 2 in the petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to serve 12 months of imprisonment with no further supervised release.

*Background*

After pleading guilty to the offense of Possession with Intent to Distribute More than 5 Grams of Cocaine Base, Defendant was sentenced on January 24, 2002, by the Honorable Howell Cobb, United States District Judge, to 235 months of imprisonment to be followed by 5 years of supervised release. The Court reduced Defendant's sentence to 138 months of imprisonment to be followed by 5 years of supervised release on May 19, 2008. Defendant completed his term of imprisonment and began serving his term of supervised release on November 29, 2012.

*Allegations*

In the Petition for Warrant or Summons for Offender Under Supervision filed on October 28, 2015, United States Probation Officer Susan Budjenska alleges that Defendant violated the

conditions of his supervised release that state: (1) the defendant shall not commit another federal, state, or local crime; and (2) the defendant shall not leave the judicial district without permission of the Court or probation officer. More specifically, it is alleged that the Kaufman County Police Department arrested Defendant on October 6, 2015 and charged him with Fraudulent Possession of Identifying Information, False Statement to Obtain Property or Credit, and Forgery of Government Document/Security Agreement. At the time of his arrest in Kaufman, Defendant did not have permission to travel to Kaufman, Texas.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum sentence the Court may impose is 3 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offenses of Fraudulent Possession of Identifying Information, False Statement to Obtain Property or Credit, and Forgery of Government Document/Security Agreement as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

criminal history category was VI. The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 21 to 27 months of imprisonment. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by traveling outside of the Eastern District of Texas without permission of the U.S. Probation Officer as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's criminal history category of VI, the Guidelines provide a guideline range of 8 to 14 months of imprisonment. U.S.S.G. § 7B1.4(a). The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

*Hearing*

On January 14, 2016, Defendant appeared for a final revocation hearing. Defendant's counsel, Assistant Federal Defender Wayne Dickey, and Assistant United States Attorney Bill Baldwin announced that an agreement was reached for Defendant to enter a plea of true to Allegation 2 in the petition and to jointly request a sentence of 12 months of imprisonment with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, Defendant waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 in the petition.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 in the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should

be revoked and that Defendant should be sentenced to 12 months of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's term of supervised release be **REVOKED** and that he be sentenced to 12 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is, therefore, recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be imprisoned for a period of 12 months with no further supervised release.

So ORDERED and SIGNED this 14th day of January, 2016.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE